UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
1 Courthouse Way, Boston, MA 02210

| | | |
|---|---|---|
| PASCAL N. NOUNA | ) | Civil Action No |
| COMPLAINANT | ) | |
| | ) | Agency No. 57-2017-00018 |
| Vs. | ) | |
| | ) | |
| | ) | |
| WILBUR ROSSE | ) | |
| | ) | |
| U.S. DEPARTMENT OF COMMERCE | ) | Date: October 10, 2019 |
| | ) | |
| AGENCY | ) | |

## COMPLAINANT SETTLEMENT DEMAND

**ISSUE 1:**
**SUPPORTING FACTS AND ARGUMENT.**

<u>Preponderance of evidence that I suffered discrimination based on race.</u>
    For whatever reason, the HVAC- Shop management never treated any Caucasian employee like a black Complainant from origin (Cameroon). Caucasian employees with Complainant's low level of skill and education were promoted to WG-8, 10 less than two years on the job. Complainant was performing wage grade 8, 10 and 11 job's level as a wage grade 5, whereas complainant was hired before them.
    Complainant provided his work history experience background and education, while on     his Modified Interrogatories; I asked that the Agency provide redacted non-personal identifiable information records of qualifications (resume (redacted), prior HVAC job history) of our present HVAC-Shop Supervisor Mr. Kevin Dewees, Mr. Frank G. Potts and present HVAC-Shop employees also, records (each person should only be identifiable by race and gender).
    Until today the Agency never provided the information above for all these Caucasians employees. Except in 2016 Mr. Kevin Dewees who's our new Supervisor, if the Agency thinks that the employees mentioned above are or were more competent, more qualified for advancement "promotion" after working with me as their assigned trainer than me, I will again ask the new assigned Administrative Judge to compel the Agency to provide me with the supported documents that justified their promotion.

**ISSUE 2:**
**SUPPORTING FACTS AND ARGUMENT.**

    <u>Career ladder and merit promotions</u>

1

No Caucasian with a Bachelor Degree in Heating and Cooling Design working or has worked in the HVAC Shop has held the position of wage grade 5 - "helper" for over two years.
I will be willing to provide my professional and academic credentials hoping that the new Administrative Judge will compel the Agency to provide the professional and academic credentials of all the Caucasians who came after me but were promoted before me.

<u>Training opportunities</u>
The Agency's trainings were mandatory safety trainings for all Plant Division employees.

These trainings did not directly relate to my job performance improvement or job related skills or potential promotion. As an Armed Forces reservist, I consistently received these same safety mandatory trainings with my unit. It doesn't make any difference having the same trainings either

## ISSUE 3:
## SUPPORTING FACTS AND ARGUMENT.

Complainant joined the Agency on February 6, 2006 as a WG-05 Air-Conditioning (AC) Equipment Mechanic Helper. Roi p.2. On April 3, 2006, Mr. Kevin Dewees (Caucasian, American) also joined the Agency as a WG-05 Air-Conditioning (AC) Equipment Mechanic Helper. On July 23, 2006 Mr. Dewees received a career ladder promotion to WG-08 AC Equipment Mechanic. In contrast, on August 20, 2006, Complainant received a step increase from WG-05, step one to WG-5 Step two.

During that period, the increase of steps ladders salary percentage was automatically for all wage grades Federal Employees per how long you have been holding that position. To make that clear, increases complainant received were based on OPM increases based on government stipulations. Every government employee receives those yearly increments.
On February 4, 2007 Mr. Dewees received his second promotion within a year of joining the Agency. It was a merit promotion to WG-10 AC Equipment Mechanic. Complainant did not receive any training or promotion.

## ISSUE 4:
## SUPPORTING FACTS AND ARGUMENT.

All the former guidelines for promotion wage grade 8 did not exist in wage grade 5 and 8 jobs descriptions.

Why the Complainant was the only person to be given such special task, before becoming wage grade 8, while the job description for wage grade 5 and 8 do not have such special task mentioned above. That proved a serious discrimination from the Plant Division against Complainant.

Complaint could independently perform nine of the ten tasks before the meeting of August 30th, 2007. But one task always requires two employees in installing Air Condition Bearings. No one can install an Air conditioning bearing job alone

   a) Mr. Jim Le wage grade 10 the longest serving employee (15 years) with the HVAC-Shop has not installed an Air Conditioning bearing independently. Mr. Dewees as a wage grade 8 did not

2

install any bearing by himself. For further information about my statement. Please contact the following HVAC-Shop employees.

b) The following employees will be willing to provide you with their written statements about your question and other facts, concerning the nepotism, favors, and promotions practices, from the old and new Supervisors.

Mr. Reginald Northern WG 08
Mr. Brian Wright WG 08
Mr. Talmadge Fossett WG 11
Mr. Patrick Bourque WG 10
Mr. Conrad Davis WG 10

Complainant provided facts, documents with dates, times and all the harassments that took place from 2006 to 2013 to all NIST Department of Commerce and Senators, Congresses officials, I contacted during this period starting with my chain of Command the Chief Division and the Chief Human Capital Officer finally the Secretary of Commerce Mr. Carlos M. Gutierrez and U.S Secretary of Commerce and other Government Officials.

## 4 RELIEF REQUESTED
## IDENTIFY THE PRECISE ACTION YOU WANT THE COURT OF APPEALS TO TAKE:

### 1- Clearing my Government work record:

- Removals all Reprisals such as Reprimands, Suspensions and Negatives Remarks in Complainant Pascal N. Nouna Government Work Records

### 2- FINICIAL REMEDY FOR DISCRIMINATORY:

The agency must provide Complainant Pascal N. Nouna financial remedy, positions where Complainant Pascal N. Nouna should have occupied absent the discrimination in different agencies. For cases in which the Complainant Pascal N. Nouna was not selected for many positions or promotions due to discrimination since 2007 to 2018. For more information concerning my ongoing chronic rational discrimination; please refer yourself at (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND Civil Action No 8:13-CV-01927-RWT), I also sent you my conclusion pending from the above court.

(a) This would include an offer of remedy compensation into the positions sought, or a substantially equivalent positions please see Complainant Pascal N. Nouna Resume and jobs experience prior NIST included military skills. See Carson v. Dep't. of Justice, EEOC Appeal No. 0120100078 (Feb. 16, 2012).

(b) The offer should be made retroactive to the date of the selection in question meaning since 2007 to 2018. Complainant Pascal N. Nouna should receive all step or pay increases and monetary benefits associated with the position. See <u>Stewart v. Dep't. of Homeland Security</u>, EEOC Request No. 0520070124 (Nov. 14, 2011). A "substantially equivalent position" is a position within the same commuting area. <u>Bakken v. Dep't. of Transportation</u>, EEOC Appeal No. 0120093529 (Aug. 8, 2011).

3- **BACK PAY:**

(a) With back pay computed in the manner prescribed by 5 C.F.R. § 550.805. See 29 C.F.R. § 1614.501(c) (1). The purpose of a back-pay award is to restore to the Complainant Pascal N. Nouna the income he would have otherwise earned but for the discrimination. See <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. at 418-419 (1975); <u>Davis v. U.S. Postal Service</u>, EEOC Petition No. 04900010 (Nov. 29, 1990). Many of discriminatory personnel actions can generate back pay. The most common actions generating back pay are: removals, suspensions, denials of promotions, and failure to hire.

(b) Interest on back pay shall be included in the back-pay computation. The back-pay computation should also include any applicable step increases or pay differentials. See <u>Morrow v. U.S. Postal Service</u>, EEOC Appeal No. 0720070058 (Nov. 13, 2009) (ordering the agency to provide complainant with a back-pay award which included interest, overtime, and night pay differential). Under Title VII, GINA, and the Rehabilitation Act, back pay is limited to two years prior to the date the discrimination complaint was filed.

(c) C. Overtime or Premium Pay as a Component of Back Pay
If the position is unique, such that a comparison with a similarly situated employee is not possible, the agency should calculate overtime based on the actual overtime worked by the person who was selected for the position like on 2006 Mr. Kevin Dewees (Caucasian-male) who came as wage grade 5 three months after me and less than one year was promoted from wage grade 8 and 10 and was sent to many HVAC trainings out and in State today he's our new HVAC-Shop Supervisor (Education High School no any HVAC- experience prior joining at NIST) while I was kept down . <u>See</u>, for example, <u>Bowman v. U.S. Postal Service</u>, EEOC Appeal No. 0120112333 (Oct. 3, 2011), <u>request for reconsideration denied</u>, EEOC Request No. <u>0520120091</u> (Mar. 16, 2012

7- **Retirement Deductions and Back Pay**

To the extent complainant would have received agency contributions to a retirement fund as a component of her salary, she is entitled to have her retirement benefits adjusted as part of her back-pay award, including sums which the account would have earned during the relevant period. Remedies requested from Complainant Pascal N. Nouna is **$60, 000 for over 12 years' waste at NIST**

8- **Restoration of Leave**
   (a) Where there has been a finding of discrimination, Complainant Pascal N. Nouna is entitled to back pay for time lost from work during the applicable periods of suspensions, as well as the restoration of any leave used because of the agency's discriminatory actions. Cox v. Social Security Administration, EEOC Appeal No. 0720050055
   (b) Provide the individual with a full opportunity to participate in the employee benefit that was denied - for example, training, preferential work assignments, or overtime scheduling. Remedies requested from Complainant Pascal N. Nouna **is $30000.**
   (c) On 2008, Complainant Pascal N. Nouna, was denied training to enhance himself at the workplace, for that reason complainant spent his money and time, to pursue his education. Attending Montgomery Community College for Management Construction Certificate program and Associate degree while attending Johns Hopkins University Carey Business School Graduate Certificate program in (Business Management) and still working full time 10 hours a day.
   (d) When the finding of discrimination involves a performance appraisal, the appropriate relief should include raising the rating to that which the individual would have received absent the discrimination. McKenzie v. Dep't. of Justice, EEOC Appeal No. 0120100034 (July 7, 2011); Hairston v. Dep't. of Education, EEOC Appeal No. 0120071308 (Apr. 15, 2010). In addition, Complainant Pascal N. Nouna is entitled to all benefits and awards that he would have received if he had achieved the higher performance appraisal rating. Cook v. Dep't. of Labor, EEOC Appeal No. 0720080045 (Feb. 22, 2010).
   (e) It is also appropriate to order training for agency personnel found to have engaged in discrimination, and to consider taking disciplinary action against those officials who engaged in the discrimination, such as Mr. John R. Bollinger, Mr. Frank G. Potts,

Mr. Kevin Dewees, Robert V. Mathews [3] See James v. Dep't. of Agriculture, EEOC Appeal No. 0120073831 (September 22, 2009).

**4- ATTORNEY'S FEES AND COSTS:**

Attorney's fees and costs shall be awarded in accordance with 29 C.F.R. § 1614.501(e). The complainant's attorney accepted the case pro bono of **$20000**

**5- Awards of Costs and Fees for Expert and Non-Lawyer Services:**

(a) A prevailing Complainant Pascal N. Nouna is entitled to recovery of his costs. Costs include those costs authorized by 28 U.S.C. § 1920. 29 C.F.R. § 1614.501(e) (2) (ii) (C). These include: witness fees; transcript costs; and printing and copying costs. In addition, reasonable out-of-pocket expenses may include all costs incurred by the attorney that are normally charged to a fee-paying client in the normal course of providing representation. Hafiz v. Dep't. of Defense, EEOC Petition No. 04960021 (July 11, 1997). These costs may include such items as mileage, postage, telephone calls, and photocopying **$5000**

(b) Witness fees shall be awarded in accordance with 28 U.S.C. § 1821, except that no award shall be made for a federal employee who is in a duty status when made available as a witness. 29 C.F.R. § 1614.501(e) (2) (iii).

**6- COMPENSATORY DAMAGES:**

(a) Compensatory damages are awarded to compensate a complaining party for losses or suffering inflicted due to the discriminatory act or conduct. See Carey v. Piphus 435 U.S. 247, 254 (1978) (purpose of damages is to "compensate persons for injuries caused by the deprivation of constitutional rights"). Compensatory damages "may be had for any proximate consequences which can be established with requisite certainty." 22 Am Jur 2d Damages § 45 (1965) Compensatory damages include damages for past pecuniary loss (out-of-pocket loss), future pecuniary loss, and nonpecuniary loss (emotional harm). See Goetze v. Dep't. of the Navy, EEOC Appeal No. 01991530 (Aug. 23, 2001). Remedies requested from Complainant Pascal N. Nouna **is $20000 for over 12years**

(b) Entitlement to Seek Compensatory Damages

- Pursuant to Section 102(a) of the Civil Rights Act of 1991, **Complainant Pascal N. Nouna is** establishes his claim of unlawful discrimination must, in addition to equitable remedies, compensatory damages for past and future pecuniary losses (that is, out of pocket expenses) and non-pecuniary losses (for example, pain and suffering, mental anguish). 42 U.S.C. § 1981a (b) (3). For an employer with more than 500 employees, the limit of liability for future pecuniary and non-pecuniary damages is $300,000
- Under Section 102 of the Civil Rights Act of 1991, compensatory damages may be awarded for past pecuniary losses, future pecuniary losses, and non-pecuniary losses that are directly or proximately caused by the agency's discriminatory conduct.
- (agency demonstrated good faith effort where it consulted with complainant and her physicians in attempting to identify a reasonable accommodation, even though these efforts were not sufficient to afford complainant a reasonable accommodation); <u>Morris v. Dep't. of Defense</u>, EEOC Appeal No. 01962984 (Oct. 1, 1998) (agency did not make a good faith effort to identify and provide a reasonable accommodation for complainant where it did not make any attempt to find an available office position for complainant despite his repeated requests).

## 9- <u>Non-Pecuniary Damages, Past Pecuniary Damages, Future Pecuniary Damages</u>

Non-pecuniary damages are losses that are not subject to precise quantification including emotional pain and injury to character, professional standing, and reputation. Compensatory damages are awarded to compensate for losses or suffering inflicted due to discrimination. Remedies requested from Complainant Pascal N. Nouna is **<u>$60000 for over 12 years.</u>**

**<u>Medical treatment for stress and illegally terminated from DOC</u>**

**Damage $50000**

## 10- <u>For additional support documents:</u>
Complainant Pascal N. Nouna, will gather additional documents such as; medical documents and schools' loans, Mother death certificate in my apartment because of

NIST Managements stresses and Complainant couldn't help his mother while engaging daily insults, purposely workloads as wage grade 5 who's supposed to be help according to my job description I signed prior starting work. I was completing wage grade 5, 8, and 10 but earning wage grade 5 salary, with all reprisals from NIST Plant Division Management.

## CERTIFICATE OF SERVICE

I certify that on October 10, 2019, a true and correct copy of foregoing documents entitled RULING ON THE TO AGENCY'S MOTION FOR A DECISION WITHOUT A HEARING, and MY REQUESTS FOR SETTLEMENT and the letters thereto were served via USPS.

Respectfully submitted,

*/s/ Pascal Nouna*
Pascal Nouna

237- CHESTNUT FARM WAY
RAYNHAM MA 02767
Tell- 240-404-8554
Email: P.NOUNA@YAHOO.COM